

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **PAUL HARRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  5:19-cv-01177-LCB** |
| | ) | |
| **DAY & ZIMMERMAN** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This employment discrimination case is before the Court on Defendant's Motion for Summary Judgment. Plaintiff Paul Harris claims he suffered racial and age-based discrimination in violation of Title VII, § 1981, and the Age Discrimination in Employment Act while employed by Defendant Day & Zimmerman. (Doc. 24). Defendant's Motion has been fully briefed and is ripe for review. For the reasons that follow, the Court **GRANTS** Defendant's Motion for Summary Judgment.

## I.      Summary of the Facts

Day & Zimmerman ("DZ") is a government contractor that provides the Tennessee Valley Authority's Browns Ferry plant additional workers.[1] DZ occasionally uses schedulers for its projects, who are responsible for scheduling craft workers' assignments and keeping track of inventory.[2] There are four levels of schedulers: Levels 1-3 and Lead Scheduler.[3] The levels correspond with the scheduler's experience.[4] DZ's Project Control Manager typically handles the work assignments for schedulers, but if the workload increases, they may hire a Lead Scheduler to manage the workload of the other Schedulers.[5] The Site Manager is responsible for overseeing DZ's operations at the Browns Ferry plant.[6]

### A.      DZ Hires Harris

In 2016, the Lead Scheduler at Browns Ferry retired.[7] At that time, Perron Reeder was the Project Control Manager and John Belfield was the Site Manager.[8] Reeder interviewed Plaintiff Paul Harris and hired him to take over as Lead Scheduler at Browns Ferry.[9] Harris is an African American male, and at the time of

---

[1] (Doc. 26-1 at 42).
[2] *Id*. at 48-49.
[3] *Id.* at 69-71.
[4] *Id.*
[5] (Doc. 26-2 at 60-61).
[6] (Doc. 26-3 at 19-20).
[7] (Doc. 26-1 at 95-96, 99).
[8] *Id.* at 128.
[9] *Id.* at 95-96, 99; (Doc. 26-2 at 74-74; Doc. 26-3 at 37).

hiring was 63 years old.[10] Reeder was aware of Harris's age when he was hired.[11] Harris began work as Lead Scheduler in January of 2017.[12] After Harris began work, Belfield's employment ended, and Martin Campbell became the Site Manager.[13]

### B.    Transfer to ADZ

ADZ was a joint venture between DZ and a company called AREVA at Browns Ferry. Timothy Grubbs was the Director of Projects at ADZ.[14] In Fall of 2017, ADZ lost its only scheduler, and Grubbs claimed he needed at least a Level 3 Scheduler to complete the project.[15] Campbell and Reeder chose Harris for the ADZ project because he was the most experienced scheduler.[16] In August of 2017, DZ transferred Harris to work at ADZ.[17] Harris does not contend the transfer to ADZ was discriminatory.[18]

### C.    Harris's Termination

In late February of 2018, Grubbs informed Harris that ADZ would begin releasing employees in March of 2018.[19] DZ contends that Campbell and Reeder determined that Harris's original project at Browns Ferry was overbudget and DZ

---

[10] (Doc. 1 at ¶¶ 4, 7).
[11] (Doc. 26-2 at 130-131).
[12] (Doc. 26-1 at 120-121).
[13] (Doc. 26-3 at 27).
[14] (Doc. 26-10 at 20).
[15] (Doc. 26-1 at 152-53; Doc. 26-2 at 87-88).
[16] (Doc. 26-3 at 49-50; 26-2 at 134).
[17] (Doc. 26-1 at 220).
[18] *Id.* at 150-51, 224.
[19] (Doc. 26-1 at 162-64; Doc. 26-11).

no longer needed a Lead Scheduler.[20] In March of 2018, Reeder met with Harris for a performance review.[21] At that meeting, Reeder informed Harris he would be terminated because of budgetary constraints.[22] Harris contends that he was terminated because of his age and his race.[23] On April 9, 2018, Harris called the Ethics Line at DZ to complain about his layoff.[24] After a full investigation, an investigator was unable to substantiate that Harris's selection for layoff was based on his race or his age.[25] Harris worked at ADZ until July 17, 2018, when he was laid off purportedly due to lack of work.[26]

## II.    Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the pleadings or filings which it believes

---

[20] (Doc. 25 at 12; Doc. 26-3 at 87).
[21] (Doc. 26-1 at 172-73).
[22] *Id.* at 174.
[23] (Doc. 31 at 6).
[24] (Doc. 26-12).
[25] *Id.*
[26] (Doc. 26-1 at 199, 205; 26-16).

demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, Rule 56(c) requires the non-moving party to go beyond the pleadings and—by pointing to affidavits, or depositions, answers to interrogatories, and/or admissions on file—designate specific facts showing that there is a genuine issue for trial. *Id.* at 324.

The substantive law identifies which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

When faced with a "properly supported motion for summary judgment, [the non-moving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). As *Anderson* teaches, under Rule 56(c), a plaintiff may not simply rest on his allegations made in the complaint; instead, as the party bearing the burden of proof at trial, her must come forward with at least some evidence to support each

element essential to his case at trial. *See Anderson*, 477 U.S. at 252. "[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [her] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 248 (citations omitted).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing *Anderson*, 477 U.S. at 250-51).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Sawyer*, 243 F. Supp. 2d at 1262 (quoting *Anderson*, 477 U.S. at 251-52); *see also LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999) ("The law is clear . . . that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

### III.   Discussion

In any ADEA or race-based employment discrimination claim, the plaintiff "bears the ultimate burden of proving discriminatory treatment by a preponderance of the evidence." *Crawford v. Carroll*, 529 F.3d 961, 975 (11th Cir. 2008) (internal quotation marks omitted). To do so, the plaintiff must present either "direct evidence of an intent to discriminate or circumstantial evidence using *McDonnell Douglas's* burden-shifting framework." *Id.* at 975. As explained by the *Crawford* court:

> Under [the *McDonnell Douglas*] framework, if the plaintiff establishes a prima facie case, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for the adverse employment action. If the employer does this, the burden shifts back to the plaintiff to show that the employer's stated reason was a pretext for discrimination. The inquiry into pretext requires the court to determine, in view of all the evidence, "whether the plaintiff has cast sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable factfinder to conclude that the employer's proffered legitimate reasons were not what actually motivated its conduct."

*Id.* at 975-76 (citations omitted) (alteration supplied). Harris concedes that the present record contains no direct evidence of racial or age-based animus by DZ. Thus, Harris proceeds under the *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), framework.

#### A.   *Prima Facie* Case

The parties agree the Court should evaluate both claims under the Eleventh Circuit's modified reduction-in-force *McDonnel Douglas* framework. Under the modified framework, a plaintiff establishes a *prima facie* case by showing: (1) he

was a member of a protected group and was adversely affected by an employment decision; (2) he was qualified for the position or another position when he was laid off; and (3) there exists evidence of an intent to discriminate. *Lawver v. Hillcrest Hospice, Inc.*, 300 Fed. Appx. 768, 772-73 (11th Cir. 2008). DZ concedes that Harris has satisfied the first and second prongs of the modified framework here. (Doc. 25 at 18).

A plaintiff must establish intent to discriminate by showing: (1) the defendant consciously refused to consider retaining plaintiff because of his protected trait, or (2) the defendant regarded his protected trait as a negative factor in those circumstances. *Allison v. Western Union Tel. Co.*, 680 F.2d 1318, 1321 (11th Cir. 1982). Because, as explained below, Harris has failed to establish the third prong of the modified framework on any of his claims, DZ is entitled to summary judgment.

### 1.    *Age Discrimination*

DZ advances two arguments about why Harris has failed to establish a *prima facie* case of age-based discrimination under the ADEA. First, DZ argues that Harris has produced insufficient evidence showing that DZ considered Harris's age in his termination. (Doc. 25 at 19). DZ points to evidence that Reeder knew Harris's age when he hired him and that DZ transferred Harris to ADZ because Reeder valued Harris's experience. *Id.* Ultimately, DZ contends there is no evidence showing DZ refused to retain Harris because of his age or that DZ considered Harris's age a

negative factor in its decision. *Id.* Harris responds by citing his own deposition, where he contends that Campbell would speak with younger white schedulers but wouldn't speak with Harris and that Campbell would avoid Harris in the hallways. (Doc. 31 at 27).

Harris fails to produce evidence showing DZ considered his age in any way. Harris's evidence may, at best, show that Campbell did not behave professionally. But Eleventh Circuit precedent requires more to show discriminatory intent.[27] Simply, Harris has not pointed the Court to any evidence that shows that "(1) the defendant consciously refused to consider retaining . . . a plaintiff because of his age, or (2) defendant regarded age as a negative factor in such consideration." *Williams v. Gen Motors Corp.*, 656 F.2d 120, 130 (5th Cir. 1981).[28] Because Harris has failed to satisfy the third prong of the modified framework, he has failed to establish a *prima facie* case of discrimination under the ADEA.

Second, DZ asserts that Harris has produced insufficient evidence showing that his age was the but-for cause of his termination. In particular, DZ argues that there is no evidence showing DZ's decision to lay off Harris would not have

---

[27] *See, e.g., Henry v. Jefferson County Personnel Bd.*, 519 F. Supp. 2d 1171, 1190-91 (N.D. Ala. 2007) (finding no evidence of intent to discriminate where employer treated plaintiff unprofessionally and made "age-based" comments publicly).

[28] The Eleventh Circuit, in the *en banc* decision of *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the decisions of the former Fifth Circuit decided before October 1, 1981.

occurred but-for his age. (Doc. 25 at 22-23). Harris does not meaningfully respond to this argument in his brief.

Harris fails to produce evidence showing age was a but-for factor in his termination. The Eleventh Circuit requires a plaintiff to prove that age was the but-for cause of an adverse employment action. *Sims v. MVM, Inc.*, 704 F.3d 1327, 1335 (11th Cir. 2013) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009)). "[A] 'but-for' cause requires a closer link than mere proximate causation; it requires that the proscribed animus have a determinative influence on the employer's adverse decision." *Id.* at 1335-36. As explained above, Harris has failed to produce evidence showing DZ even *considered* his age in its decision to terminate his employment, let alone that it was a *determinative* factor in that decision. Because Harris has failed to produce evidence showing that his age was a but-for cause of his termination, he has failed to establish a *prima facie* case of discrimination under the ADEA.

### 2.      *Race Discrimination*

As stated above, the parties agree that the Court should evaluate Harris's race-based claims under the same modified framework as his age-based claim. DZ concedes that Harris satisfies the first two prongs. For the third prong, DZ argues that there is no evidence showing DZ had discriminatory intent to discharge Harris. (Doc. 25 at 24-25). Additionally, DZ cites evidence that it retained an African American male planner when it terminated Harris. *Id.* at 25. Harris again relies on

his own deposition, contending that Campbell would not speak with Harris and would avoid him in the hallways. (Doc. 31 at 27).

As with his age-based claim, Harris fails to produce any evidence showing DZ considered his race in any way in its termination decision. Instead, at best, Harris's evidence may show that Campbell was not professional in their interactions. But to survive summary judgment, Harris must produce evidence sufficient for a factfinder to conclude that DZ consciously refused to retain Harris because of his race or that DZ considered Harris's race a negative factor in making its decision. *Williams*, 656 F.2d at 130. Simply, Harris has not produced that evidence. Because Harris has failed to satisfy the third prong of the modified framework, he has failed to establish a *prima facie* case of race-based discrimination.

Harris spends the bulk of his brief arguing, as best the Court can tell, that his termination was a pretext for discrimination. The evidence cited, and arguments advanced by Harris appear to try to show that DZ's proffered reason was unworthy of credence. In doing so, he puts the cart before the horse. The Court's first step is always determining if the plaintiff has established a *prima facie* case. *Brooks v. Cty. Comm'n of Jefferson Cty.*, 446 F.3d 1160, 1162 (11th Cir. 2006). Here, that requires Harris to show that DZ considered his race or age in its termination decision. Harris attempts to do so with a short paragraph citing testimony evidence of Campbell avoiding him in the hallways. (Doc. 31 at 27). Put simply, Harris failed to establish

his *prima facie* case before arguing issues of pretext, but his *prima facie* case is necessary for the court to consider the issue of pretext.

For the reasons stated above, Harris has failed to establish a *prima facie* case for any claim under the modified RIF framework. Because he has failed to establish a *prima facie* case of discrimination, DZ is entitled to summary judgment on all claims.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment (Doc. 24) is **GRANTED**. Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**. A separate order will be entered contemporaneously with this memorandum opinion.

**DONE** and **ORDERED** this September 29, 2021.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE